UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL PERRY CARROLL,

    Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:20-cv-05279-RBL-JRC

ORDER TO SHOW CAUSE

Plaintiff Michael Perry Carroll, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint but provides plaintiff leave to file an amended pleading by May 16, 2020 to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff filed this action against the Pierce County Jail, Department of Corrections ("DOC"), and two DOC officers -- Sherri Ray and Darren Patterson. Dkt. 7. Plaintiff alleges violations of his Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. *Id.*

1    Plaintiff alleges that on November 21, 2018, defendants Ray and Patterson sanctioned
2 plaintiff and sentenced him to "90 days." *Id.* at 4-5. Plaintiff alleges that he presented court
3 documents of unlawful possession of a firearm ("UPFA") in the second degree and no charges
4 filed ("NCF"). *Id.* at 5. Plaintiff alleges that he appealed his sanction to the head of the DOC and
5 won his appeal. *Id.* at 4.
6    Plaintiff alleges he suffered verbal and physical abuse by sheriff deputies and community
7 correctional officers. *Id.* at 4. Plaintiff alleges that he suffers from post-traumatic stress
8 syndrome, depression, and high blood pressure. *Id.* at 6. Plaintiff alleges his mental health issues
9 have increased dramatically. *Id.* Plaintiff alleges he is homeless, "shackin up [sic]," scared of law
10 enforcement, and feels like there is "nothing left for me my life feels like its over." *Id.* at 6.
11    Plaintiff seeks monetary damages. *Id.* at 9.

## DISCUSSION

13    Under the Prison Litigation Reform Act of 1995, the Court is required to screen
14 complaints brought by prisoners seeking relief against a governmental entity or officer or
15 employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
16 complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
17 state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
18 who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
19 152 F.3d 1193 (9th Cir. 1998).
20    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
21 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
22 the violation was proximately caused by a person acting under color of state law. *See Crumpton*
23 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
24

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A.     Rule 8**

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, *1 (E.D. Cal. May 4, 2005), plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

For example, plaintiff generally identifies the incident underlying his claims (90-day detention) and that defendants are liable, but the allegations do not explain what each defendant did to give rise to a particular claim. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint.); *see Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

Moreover, plaintiff's complaint appears to omit critical elements of his particular claims, and the Court is not able to discern under what legal theory plaintiff's claims arise. For example, it is not enough to state that plaintiff is suing defendants because his constitutional rights were violated when he was detained. Plaintiff must allege what defendants specifically did to violate his constitutional rights. Plaintiff must plead allegations of constitutional violations with particularity, using nonconclusory allegations.

The Court will provide plaintiff with what appears to be the relevant law so that he may formulate his allegations and claims accordingly.

**B.    Malicious Prosecution v. Unlawful Imprisonment**

Plaintiff heads one of his claims as based on unlawful imprisonment. What plaintiff has alleged are perhaps elements or proof of malicious prosecution, but the procedural history of his arrest, detention or sanction, and appeal are not entirely clear.

"To maintain an action for malicious prosecution, the plaintiff must allege and prove the following: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the

1  proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the
2  plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99
3  Wn.2d 582, 593 (1983). Malicious prosecution actions are not limited to suits against prosecutors
4  but may be brought, as here, against other persons who have wrongfully caused the charges to be
5  filed. *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126–27 (9th Cir. 2002).

6      Here, plaintiff alleges that he presented court documents of unlawful possession of a
7  firearm in the second degree and that no charges were filed, but it is not clear to the Court how
8  this information shows that defendants engaged in malicious prosecution. Plaintiff has not
9  presented allegations beyond conclusory allegations or speculation to demonstrate whether
10  defendants maliciously prosecuted him. If plaintiff seeks to pursue a malicious prosecution
11  claim, he must allege facts sufficient to meet the required elements.

12      **C.**    **Unlawful Search and Seizure**

13      Plaintiff does not state that he is raising a Fourth Amendment claim, but he alleges that
14  his personal property was confiscated, possibly during his arrest or detention. Dkt. 7. The Fourth
15  Amendment protects the "[t]he right of ... people to be secure in their persons, houses, papers,
16  and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A seizure
17  results in a constitutional violation only if it is unreasonable." *Nelson v. City of Davis*, 685 F.3d
18  867, 878 (9th Cir. 2012). "A claim for unlawful arrest is cognizable under § 1983 as a violation
19  of the Fourth Amendment, provided the arrest was without probable cause or other justification."
20  *Dubner v. City and Cnty. of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause
21  for a warrantless arrest arises when the facts and circumstances within the officer's knowledge
22  are sufficient to warrant a prudent person to believe that the suspect has committed, is
23  committing, or is about to commit an offense." *Lingo v. City of Salem,* 832 F.3d 953, 960 (9th
24

Cir. 2016) (quoting *Crowe v. Cnty. of San Diego,* 608 F.3d 406, 432 (9th Cir. 2010)). A plaintiff can make a prima facie case of unlawful arrest "simply by showing that the arrest was conducted without a valid warrant." *Dubner*, 266 F.3d at 964.

Plaintiff has not presented allegations beyond conclusory allegations or speculation to demonstrate whether defendants' actions constituted an unreasonable search and seizure. If plaintiff seeks to pursue a Fourth Amendment claim, he must allege facts sufficient to meet the required elements and allege why his arrest was without probable cause or other justification.

**D.    Eighth Amendment Violations and Personal Participation**

Plaintiff alleges that sheriffs and community custody officers verbally and physically abused him. Dkt. 7 at 4. Plaintiff alleges that his constitutional rights were violated because his mental health issues and blood pressure have increased. Dkt. 7 at 6. He fails to link any of the named defendants to the alleged constitutional violations.

In addition, deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a

medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges that his medical needs have not been taken care of and he was verbally and physically abused, but plaintiff does not state any allegations explaining how any of the defendant's actions rise to deliberate indifference. Plaintiff does not demonstrate how any of the named defendants had personal knowledge of plaintiff's serious medical need or risk of harm, nor explain what actions any of the named defendants failed to take which rose to deliberate indifference. *Id.*

Therefore, if plaintiff wishes to pursue a claim regarding verbal and physical abuse and inadequate medical treatment, he must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

### E. Pierce County Jail as Defendant

Plaintiff names the Pierce County Jail as a defendant in this action. Dkt. 7. However, he fails to allege any claims against this defendant. *See id*. The Court also notes the Pierce County Jail is not a legal entity capable of being sued under § 1983. Rather, Pierce County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Nolan v. Snohomish County*, 59 Wash.App. 876, 882 (1990); *Patu v. Pierce County Jail*, 2015 WL 3949355, *3 (W.D. Wash. June 29, 2015). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named Pierce County as a defendant or alleged facts against Pierce County showing it is liable. For example, plaintiff does not identify a policy, custom, or pattern implemented by Pierce County which resulted in the deprivation of his constitutional rights. If plaintiff seeks to sue Pierce County, he must allege facts sufficient to meet the required elements of a claim against a municipality and show how Pierce County violated his constitutional rights.

### F. DOC as Defendant

Plaintiff includes the Department of Corrections ("DOC") as a defendant in his civil rights claim. Dkt. 7. Section 1983 creates a cause of action for a plaintiff whose constitutional rights have been violated by any "person" acting under color of law. 42 U.S.C. § 1983.

1 However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official*
2 *English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71
3 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See*
4 *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per
5 curiam) (concluding that the suit against the state Board of Corrections was barred by the
6 Eleventh Amendment). If plaintiff chooses to file an amended complaint, he should omit the
7 DOC as a defendant.

**G.     Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the

1 amended complaint must be complete in itself and all facts and causes of action alleged in the
2 original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d
3 at 1474. The Court will screen the amended complaint to determine whether it contains factual
4 allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will
5 not authorize service of the amended complaint on any defendant who is not specifically linked
6 to a violation of plaintiff's rights.

7 If plaintiff fails to file an amended complaint or fails to adequately address the issues
8 raised herein on or before **May 16, 2020** the undersigned will recommend dismissal of this
9 action as frivolous pursuant to 28 U.S.C. § 1915.

10 The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
11 civil rights complaint and for service. The Clerk is further directed to send copies of this order
12 and Pro Se Instruction Sheet to plaintiff.

14 Dated this 16th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge